### VAN HEUSEN & CHARLES *v.* RADCLIFF.

A provision in a lease, whereby the lessee mortgages all his chattels upon the demised premises, "an inventory whereof is to be made and annexed," as security for the rent reserved, is good as a mortgage of the property upon the premises at the time of making the lease, though no inventory thereof be annexed.

It seems that such a provision, in respect to property which might thereafter be brought upon the premises, would be void, as against the policy of the act to abolish distress for rent, *per* DENIO, J.

An assignee in trust for creditors cannot impeach such a mortgage for want of registry under ch. 279 of 1833.

ACTION for money had and received to the plaintiffs' use. The answer was a general denial. The facts were these: In 1854, Eliza Lamb and others demised to Wm. Griffin, Jr., a hotel in Albany, called the Mansion House, for five years from the first of May, at an annual rent of $3,000, payable quarterly, at the usual quarter days. The lease contained the following clause: "And said party of the second part, lessee, hereby mortgages and assigns to said parties of the first part, lessors, all the furniture, goods and chattels of the said party of the second part, in and upon the said premises, or which may hereafter during this lease be therein, an inventory whereof is to be made and hereto annexed, as part of these presents, as security for the rent above reserved, with full power to the parties of the first part, if said rent shall remain due and unpaid for thirty days after the time fixed above for the payment thereof, to enter in and upon said premises and take possession of said mortgaged property and sell the same, and out of the proceeds to reserve the amount of the rent due, and the costs and expenses of said proceeding, paying the surplus, if any, to the said party of the second part." There was a considerable amount of furniture belonging to Griffin in the hotel at the execution of the lease, and other furniture was afterwards purchased by him and placed therein. He continued to pay his rent until May

1, 1857, but on that day $750 for one quarter's rent became due and was suffered to remain unpaid, and on the fourteenth day of the same month he made a general assignment to the defendant, for the benefit of his creditors, with preferences in favor of certain of them, but not of the parties entitled to this rent. The lessors had, before this time, sold the premises and assigned the lease to the plaintiffs, who gave notice to the defendant of the rent being in arrears and claimed the same from him. The defendant, as assignee, sold and converted the property of Griffin into money, and still held the same. The portion of the proceeds which arose out of the sale of the furniture which was in the hotel when the lease was executed, was sufficient to pay the rent owing to the plaintiffs; but the defendant, though a demand was made prior to the commencement of the action, refused to pay it to the plaintiffs. The mortgage was never filed, nor any note or index of it made in the clerk's office of Albany county.

The referee, before whom the case was tried, found the foregoing facts, and stated as his conclusions of law, that the clause in the lease was a valid mortgage of the furniture actually in the hotel when it was executed ; that the want of an inventory did not impair its effect, and that the plaintiffs were entitled to recover the amount of the rent of the defendant, out of the funds of the estate of which he was the trustee. He held that the defendant could not be considered a purchaser in good faith, within the meaning of the act requiring chattel mortgages to be filed. (*Laws of* 1833, *ch.* 279.)

The judgment on the report was affirmed at a general term of the Supreme Court in the third district, and the defendant appealed to this court. The case was submitted on printed points.

*John H. Reynolds,* for the appellant.

*S. O. Shepard,* for the respondents.

DENIO, J.   The provision in the lease amounted to a valid mortgage of the furniture then in the hotel.   There was a concurrent contract, made upon good consideration, for the payment of money at future periods, and it was lawful to secure the debt thus created by a conditional conveyance of the personal property.

No question arises upon that part of the clause which professes to mortgage the property which Griffin should thereafter purchase and place in the hotel, as no portion of the recovery is on account of such property; and the case will afford no countenance to the idea that such an arrangement could be sustained as a mortgage.   If it could be done, I do not see but that the remedy of distress for rent might be restored by the act of the parties in spite of the will of the legislature.

The omission to prepare and annex an inventory to the instrument does not affect its validity.   The title to the furniture passed, by way of mortgage, at the execution of the lease.   The instrument was, by its terms, intended to be operative from that moment.   The making of an inventory was an act to be subsequently performed.

The principal point insisted on in the brief of the counsel for the defendant is, that he is to be considered as representing creditors, or as a purchaser in good faith, and that he can therefore avoid the mortgage because it was not filed pursuant to the act of 1833 ( *ch.* 279 ).   To support this position the counsel relies upon what was said by Chancellor KENT, in *Dey* v. *Dunham* ( 2 *John. Ch. R.*, 188 ), to the effect that a conveyance to pay debts was a valid conveyance founded on a good consideration.   He accordingly decided that the plaintiffs in the suit before him, who were assignees in trust for creditors, were to be regarded as *bona fide* purchasers in such a sense as to enable them to avoid a prior unregistered mortgage.   The decree in that case was reversed on another ground in the Court for the Correction of Errors. ( 15 *John.*, 555.)   The learned chancellor himself

appears to have afterwards changed the opinion which he expressed in that case; for in *Haggerty* v. *Palmer* ( 6 *John. Ch. R.*, 437 ) he held that a voluntary assignee for the benefit of creditors could not avoid an equitable right to goods of the assignors resting in a third person. In *Slade* v. *Van Vechten* ( 11 *Paige*, 21 ), Chancellor WALWORTH decided that a voluntary trustee under such an assignment was not a *bona fide* purchaser, within the meaning of the statute which protects the title of such a purchaser of goods subject to execution before an actual levy.

In regard to commercial paper, it has long been settled that no person can claim the title of *bona fide* holder who receives the bill or note on account of a precedent debt, there being no new consideration nor anything parted with by the indorsee at the time. The cases upon this point are mentioned in the opinion of Judge JOHNSON, in *Youngs* v. *Lee* ( 2 *Kern.*, 551 ). The principle of these cases is analogous to that under consideration.

In *Dickerson* v. *Tillinghast* ( 4 *Paige*, 215 ), the question was between the holder of an unrecorded mortgage and a subsequent grantee of the mortgaged premises, the consideration of whose purchase was a precedent debt. The case was very much discussed at the bar, and was examined by Chancellor WALWORTH with great care. He came to the conclusion that the mortgagee was entitled to the priority. He considered the principle of equity to be well settled, that if one take title to real estate in payment of, or as security for, a previous debt, without giving up any security or divesting himself of any right, or placing himself in a worse situation than he would have been if he had received notice of a prior equitable title or lien previous to his purchase, a court of equity will not permit him to retain the title, which he had thus obtained, to the injury of one having a prior equity.

When the act respecting the filing of chattel mortgages was passed, the term *bona fide* purchaser had acquired a set-

tled meaning, which did not include a person whose purchase was on account of an existing debt, and who parted with no property or right to obtain his conveyance. The case of a conveyance of a debtor's property to trustees, to enable him to make preferences among his creditors, does not stand on a better footing than a transfer to a single creditor as security for his debt. From the nature of the case, the creditors part with nothing. They are not necessarily or usually consulted. They take precisely what the conveyance gives them, and they part with no existing rights. The property is subject to the same equities, in the hands of the trustees, which existed against it immediately before the execution of the assignment.

· When a conveyance is said to be void against creditors, the reference is to such parties when clothed with their judgments and executions, or such other titles as the law has provided for the collection of debts. The beneficiaries, under the voluntary assignment to the defendant, are not in a condition to claim the rights of creditors or to question the prior dispositions of their debtors which he could not himself have avoided.

It follows that the judgment of the Supreme Court ought to be affirmed.

COMSTOCK, J., was absent; all the other judges concurring,

Judgment affirmed.