[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 125 
The mortgage was not fraudulent upon its face. It was of all the property of a particular description in a certain store; and that was sufficiently definite as to the property on hand. So far as it professed to convey property which Collins should afterwards purchase and put into the store, it was inoperative; and the court so charged. But the circumstance that Collins attempted to mortgage property which he did not then possess, did not render invalid the conveyance of that which he owned and was entitled to mortgage. (Van Heusen v. Radcliff, 17 N.Y.,
580.)
As to the oral evidence, it is not stated that it proved an agreement that Collins might continue his retail business and sell these mortgaged goods as though they were his own; nor is it stated that it was proved that he did in fact do so. What the Case states is, that the defendant gave evidence tending to show a course of conduct on the part of Collins from which the jury might reasonably have inferred an agreement out of the mortgage, not consistent with the nature and effect of that instrument, and which would have enabled him to pronounce it fraudulent, especially as it is also stated that the plaintiff was often in the store, and hence must probably have known and assented to what was going on. This, with the clause in the mortgage by which after-acquired property was attempted *Page 126 
to be covered, made a pretty strong case for the jury; and might, I think, have justified them in finding that there was an agreement between mortgagor and mortgagee that the former might continue his business of buying and selling as usual, and that the mortgage should eventually attach, if it should have to be enforced, to whatever might be on hand when that event should happen. I have, in another case, expressed my opinion as to the effect of such an arrangement, and this court has decided, that where it is authorized by the terms of the mortgage, it renders it void. (Engell v. Hart, 5 Seld., 213.) The defendant in the present case was entitled, according to my view, to have the jury instructed that if the arrangement was such as I have suggested, they ought to find for the defendant. Perhaps the proof was strong enough to warrant the Superior Court in setting aside the verdict as against the evidence; but this can only be determined upon the evidence actually given being stated; and, in any event, we have no jurisdiction to review their decision in that aspect of it. The defendant did not ask for any instruction to be given to the jury, except that they should find for the defendant, for reasons given in detail; which instruction, if given, would have taken from them the right to pass on the facts, and would have determined the case as a pure matter of law. No error was committed in refusing that instruction, or in denying the motion for a nonsuit. Where one of this description of mortgages is lawful upon its face, and there is proof that the debt which it was given to secure was fairly and honestly owing by the mortgagor to the mortgagee, and it has been filed according to the statute, the indications of fraud arising upon possession of the goods and the conduct of the parties respecting them, must be determined by the jury. This I understand to be the doctrine of this court upon this subject. (Smith v. Acker, 23Wend., 653; Hanford v. Artcher, 4 Hill, 271; Thompson
v. Blanchard, 4 Comst., 303.) But, independently of this principle, the manner in which the evidence in this case is stated is such that we cannot determine what was in fact proved as to the conduct of Collins respecting the property *Page 127 
after he had given the mortgage, or how far the plaintiff knew or assented to what he did.
I think the judgment ought to be affirmed.
ALLEN, J., delivered an opinion to the same effect upon all the points discussed in the preceding.
All the judges concurring,
Judgment affirmed.