## TIFFANY *v.* WARREN and others.

Where chattel mortgages are given, at different times, to different creditors, upon the same property, to secure antecedent debts, neither of such mortgages being filed in the proper office, a preference is to be given to the one first in time.

No conveyance can be sustained on the ground of good faith, as against a prior unrecorded mortgage or deed for value, unless made for a *valuable consideration.*

Although an honest existing demand is a valuable consideration, yet a conveyance on such a consideration is not in *good faith* when coming in conflict with a prior conveyance given for value.

It is the want of good faith, and not the want of a valuable consideration, which prevents full effect from being given to a subsequent conveyance made on account of an antecedent debt.

A second mortgagee of chattels, although taking his mortgage without notice of a prior unfiled mortgage on the same property, is not a *bona fide* mortgagee if the consideration of his mortgage is only a precedent debt owing to him by the mortgagor. INGRAHAM, P. J. dissented.

Nor can one purchasing the mortgaged property from the second mortgagee with full knowledge of the prior mortgage, and of the claim to a preference made by the holders thereof, hold the property, as against such prior mortgagees.

THE plaintiff claims the title to a large amount of personal property sold to him by Garner & Co., who held as mortgagees thereof in possession, or by transfer from Seaman & Muir, the former owners and also the mortgagors, voluntarily made in consideration of an antecedent debt due to, and liabilities previously incurred by, Garner & Co., for Seaman & Muir. The mortgage covered the whole stock of the debtors. At the time the bill of sale and the delivery of the stock to Garner & Co. was made, the mortgagors, Seaman & Muir, and the plaintiff and defendants, as well as Garner & Co. were present, and it was well understood by all the parties, including the plaintiff, that the defendants Warren, Moran & Co. held a chattel mortgage upon the same stock of goods for a large sum, made by the same debtors, Seaman & Muir, prior to the mortgage held by Garner & Co., which was wholly unpaid; and that the defendants then claimed their prior right by virtue of their mortgage,

and challenged the right of Garner & Co. under the subsequent mortgage held by that firm. During this interview, and prior to the bill of sale and the delivery of the stock, the mortgagors had, with the knowledge of the plaintiff, offered to divide the stock between the two mortgagees, which offer Garner & Co. consented to accept, but the defendants declined it. • The mortgagors having ascertained that Warren, Moran & Co. refused to divide the security as proposed, executed the bill of sale and delivered the stock of goods so mortgaged, of which Garner & Co. then took possession. Neither the mortgage of Garner & Co., nor that of the defendants, had been filed in the office of the register. With the knowledge of these facts, the plaintiff immediately afterwards purchased the whole stock from Garner & Co., and gave his promissory notes therefor, falling due by arrangement in such manner as to enable Garner & Co. with the proceeds to meet certain bills which they had accepted for the accommodation of Seaman & Muir, drawn by a French house, of which the plaintiff was the agent, for the security of which liability so incurred the mortgage to Garner & Co. was in part executed. A few hours after these transactions, Warren, Moran & Co. caused judgment to be perfected in their favor against Seaman & Muir, on confession previously executed, for a large demand not included in their mortgage, and issued execution thereon to the sheriff, and also delivered to him a power of attorney to take the mortgaged stock under their mortgage and sell it, and by virtue of the execution and this power of attorney the sheriff seized the property and took it into his possession. The plaintiff thereupon replevied the stock in this action, without joining the sheriff as a party, his possession being considered, by agreement, that of the defendants.

At the trial, the judge charged that the possession of Garner & Co. being prior to the entry of the defendants' judgment, and there being no dispute that the mortgage to Garner & Co. was taken to secure an honest debt, without any fraud-

ulent intent on their part, the levy of the defendants' execution was unlawful and inoperative. Also that Garner & Co., although their mortgage was given for an indebtedness previously existing, were mortgagees in good faith, and entitled to preference and priority in respect to their mortgage, if they received it fairly for an honest debt of Seaman & Muir to the full amount, without notice of the prior mortgage of Warren, Moran & Co., and without any actual intent to defraud; and there being no dispute as to the absence of such notice and of any such intent, and as to the fairness of the mortgage debt claimed by Garner & Co., there was no question of fact for the jury, and that they were bound by law to find a verdict for the plaintiff.

The counsel for the defendants excepted to each of these propositions. The jury thereupon, under the direction of the court, found a verdict for the plaintiff, assessing the value of the property at $100,000. The defendants appealed from the judgment.

*Augustus F. Smith,* for the appellants.

*W. K. Thorn* and *Wm. Curtis Noyes,* for the plaintiff.

LEONARD, J. The statute declares that mortgages of goods and chattels, not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees *in good faith,* unless the mortgage, or a true copy thereof, shall be filed (if the mortgagor resides in the city of New York) in the office of the register.

The mortgage to Warren, Moran & Co. not having been filed, and no delivery or change of possession of the things mortgaged having been made, they are not in a position to claim any advantage from the provisions of the statute.

The question has then to be considered whether Garner & Co. or the plaintiff here are in a condition to be benefited by the laches of the defendants, or the provisions of the statute in favor of the creditors of the mortgagors, and subsequent purchasers and mortgagees in good faith. It is not, nor indeed can it be, claimed that Garner & Co. were creditors of Seaman & Muir, within the meaning of the statute. They had not a judgment and execution in their favor, and were in no situation to claim or enforce any rights or title provided by law for the collection of debts. Such only are the creditors referred to in this statute. (17 *N. Y. Rep.* 583.)

Garner & Co. must make title, if at all, by virtue of their possession under their mortgage, or as subsequent purchasers under their bill of sale. Theirs was not a title which the law has provided for the collection of debts. Unless they were purchasers or mortgagees in good faith, the priority of the defendants' mortgage will give them the preference in obtaining satisfaction out of the property mortgaged.

These words "in good faith," or *bona fide,* have acquired in the law a certain well known signification. A person having knowledge of the existence of a prior right to property in favor of some other person, cannot be considered a purchaser or mortgagee in good faith. (*Farm. L. and Trust Co.* v. *Hendrickson,* 25 *Barb.* 488.)

It can never be truly said that it is good faith to disregard the well known rights of another. A purchaser or mortgagee on account of a pre-existing indebtedness parts with nothing, and is not considered as having acquired title, or the right to hold property as security, against a prior deed or mortgage not recorded. Such subsequent purchaser sustains no injury by being postponed in right to the prior unrecorded deed or mortgage. He is placed in no worse condition than he was before he received his deed or mortgage, and ought not to disturb any prior acquired rights.

It was well established on principle and authority, when the statute in relation to filing mortgages was passed, that

such subsequent purchasers and mortgagees were not holders in good faith when their claims were brought in conflict with a prior unrecorded mortgage or conveyance otherwise valid. The words were used in the same sense in the present statute. (*Dickerson* v. *Tillinghast*, 4 *Paige*, 220. *Van Heusen* v. *Radcliff*, 17 *N. Y. Rep.* 580.)

We were referred to the case of *Baskin* v. *Shannon*, (3 *Comst.* 310,) to establish a different rule for the interpretation of the words "in good faith," occurring in the statute referred to. I am unable to perceive that any such conclusion is warranted. The learned justice there says, that before the second mortgagee can show good faith so as to question the rights of the prior mortgagee, or of the creditors of the mortgagor, he must prove that his mortgage was given for *a valuable consideration or for an honest debt.*

This observation falls very much short of an assertion that an existing honest demand is a sufficient consideration to sustain a junior over a prior chattel mortgage, given to secure an equally honest debt. The purport of that decision is that the second mortgage being without consideration, so far as appeared from the evidence, the holder thereof could not, for that reason, object to the sufficiency of the prior mortgage in any respect. The case of *Hanford* v. *Artcher* (4 *Hill*, 271) is the authority cited to sustain the remark of the learned justice, above mentioned, in *Baskin* v. *Shannon*. The question in *Hanford* v. *Artcher* was between a vendee of goods, where there had been no change of the possession of the things sold, and an execution creditor. To rebut the presumption of fraud in such a case, the party claiming under the sale must make it appear that it was made *in good faith*, and without the intent to defraud creditors. Senator Hopkins remarks, at page 295, that "proof of a valuable consideration or an honest debt is essential to show good faith," being the same words used in *Baskin* v. *Shannon*. In the case of *Hanford* v. *Artcher* an honest debt was sufficient as a consideration to uphold the sale, as between the vendee and

a creditor under a subsequent judgment and execution. But certainly it does not appear from either case that it was the intention of the court to overthrow the well established legal rule that a subsequent purchaser or mortgagee, on account of an existing debt, does not hold in good faith so as to disturb the rights of a prior mortgagee for an equally fair consideration. Where both securities are given on account of antecedent debts, nothing can be alleged against the equity of the rule giving a preference to the first in time.

So learned and careful a judge as the author of the opinion of the court in *Van Heusen* v. *Radcliff*, above referred to, would never have stated the rule in this respect to be well settled and in force, if the prior decision of the same court in *Baskin* v. *Shannon* (3 *Comst.* 310) were to be understood as holding a contrary principle. The analogous rule applied to commercial paper is supposed to have been shaken by the decision of the court of appeals in *Youngs* v. *Lee*, (2 *Kernan*, 551 ;) and the judge at the trial here may have felt himself justified, on this authority, in holding that an honest debt was a consideration in good faith, although the prior mortgage was in equal good faith, and the effect will be to give a preference to a mortgagee who has parted with no present consideration. I am unable, however, so to understand the decision in *Youngs* v. *Lee*. Prior decisions sustaining the rule are there referred to with approbation. There is also a clear and emphatic distinction mentioned in the opinion in that case, taking it out of the operation of the principle referred to. The learned justice delivering the opinion in *Van Heusen* v. *Radcliff* evidently so regards it, and refers to that case as an acknowledgment and repetition of the previously existing rule.

I am not willing to add my voice in overruling well settled principles of law, as they have been administered in the courts of this state, either by encroachment or judicial legislation. If a change or advance has occurred in the times, creating a necessity for an alteration in any of the rules upon which

justice has been administered, the appeal ought to be made to the legislature for the proper change. It is not the province of the judiciary.

The case of *Dickerson* v. *Tillinghast,* above referred to, arose under the recording act, which declares that every conveyance of real estate not recorded, shall be void as against subsequent purchasers in good faith and for a valuable consideration, whose conveyance shall be first recorded. This, and a large class of similar cases arising under the recording acts, are strictly analogous, and in point here. The additional words, requiring a valuable consideration, does not diminish the force of the statute in its operation against prior unrecorded conveyances.

No conveyance can be sustained on the ground of good faith, as against a prior unrecorded mortgage or deed for value, unless made for a *valuable consideration.* An honest existing demand is a valuable consideration; but a conveyance on such consideration, in the numerous reported cases arising under the recording act, is held not to be *in good faith* when coming in conflict with a prior conveyance given for value. It is the want of good faith, and not the want of a valuable consideration, which prevents full effect from being given to a subsequent conveyance made on account of an antecedent debt.

Those who doubt the existence and force of the principle of law here referred to, and its application to the present case, may profitably refer to the opinion of the court of appeals in *Wood* v. *Robinson,* (22 *N. Y. Rep.* 564, 567.) The court there say, "it is well settled that a grantee or incumbrancer who does not advance any thing at the time, takes the interest conveyed, subject to any prior equity attaching to the subject."

I am of the opinion, therefore, that Garner & Co. were not purchasers or mortgagees in good faith as against the mortgage held by the defendants. Also that the title of the plaintiff cannot be sustained, he having become a purchaser

with full knowledge of the mortgage held by the defendants, and the claim which they made to a preference over the mortgage of Garner & Co. The charge of the judge in this respect was erroneous.

The judgment and execution of the defendants was, however, subsequent to the possession of the stock by the plaintiff under his purchase from Garner & Co. The levy was, as stated by the judge, unlawful.

There should be a new trial, with costs to abide the event.

ROSEKRANS, J. Within the cases cited by Justice LEONARD, Garner & Co. were not *bona fide* mortgagees of the property. They took their mortgage, it is true, without notice of the unrecorded mortgage previously executed to the defendants; but the consideration of their mortgage was a precedent debt, and no security was surrendered or other act done by which they were placed in a worse position by reason of not having notice of the previous mortgage. It is impossible to sustain the judgment in this case without overruling the uniform current of decisions on this subject. I concur in the conclusions of Justice LEONARD. The precise point was decided in *Ray* v. *Birdseye*, (5 *Denio*, 619,) by the court of errors.

INGRAHAM, P. J. I am of the opinion that the consideration of the mortgage to Garner & Co. was good, and that they were to be considered bona fide holders for value.

I am in favor of affirming the judgment.

New trial granted.

[New York General Term, May 5, 1862. *Ingraham, Leonard* and *Rosekrans* Justices.]