JOHN OSTRANDER

v.

LEWIS D. FAY.

</div>

Clayson executed to the plaintiff a mortgage upon his stock of goods to secure the payment of $1,319.45; stipulating that he, the mortgagor, was to take charge of the said stock of goods and sell the same, and generally to carry on the business of merchandising at his own cost and expense, but subject to the control, direction and general supervision of the mortgagee, and to apply the first avails from the sale of goods to the payment of the above demand. The mortgagee was also authorized to take possession whenever he deemed himself insecure. He did so take possession, but the goods were levied upon and sold by the sheriff, on judgment against Clayson. In an action by the mortgagee in possession, against the sheriff, it was *held*, that it was a question for the jury to determine whether the mortgage was or was not fraudulent and void.

<div align="center">

*Appeal from General Term.*

</div>

HUNT, J. This was an action to recover damages for the sale and converson of the stock of goods of a country merchant. The plaintiff claimed, under a chattel mortgage, dated October 21, 1857, given to him by George H.

Clayson, to secure the payment of $1,319.45, and which was filed in the clerk's office of Steuben county, on the 23d day of the same month. The mortgage contained the following clause: "Provided always, and this mortgage is upon the express condition, that the said George H. Clayson shall take charge of the above mentioned stock of goods, and immediately proceed to open and carry on the business of merchandising at his own cost and expense in the store buildings before mentioned, and conduct and carry on the business in all respects, in a prudent, careful and merchant-like manner, subject, however, to the control, direction and general supervision of the said Ostrander, and apply the first proceeds and avails made from the sale of the said stock of goods, or any part thereof, to the payment of the said Ostrander's demand of $1,319.45, in manner following: * * * All the cash taken in to be paid over to the said Ostrander weekly, until the last mentioned sum is fully paid. * * * It is also expressly understood and agreed between said parties, that the said Clayson is to follow the direction and advice of the said Ostrander in all matters connected with the said business, and not appropriate any of the money, or other means arising from the said business, until said Ostrander's demand is fully paid, without first consulting said Ostrander and obtaining his permission to do so. Then followed the ordinary authority to take possession in case the mortgagee should deem himself insecure. On the 20th of December, 1857, the mortgagee (the plaintiff) entered into possession of the property by virtue of such authority.

The defendant, as sheriff of the county of Steuben, seized the property upon certain executions issued upon judgment obtained against Clayson, alleging that the mortgage was fraudulent and void.

The defendant claimed that the mortgage was fraudulent and void upon its face, as a matter of law, and that it was the duty of the court so to pronounce it, without

submitting the question to the jury. The plaintiff insisted that the question of fraud was one for the jury, under the instructions of the court. The judge who tried the cause concurred in the plaintiff's view of the case, and left the question to the jury. He charged them, that their verdict must depend upon the fact whether the mortgage was made with intent to hinder, delay and defraud the creditors of Clayson; if so made, the defendant was justified in selling the property. He further charged them, among other things, that the mortgage was presumptively fraudulent, as against the creditors of Clayson, and that it was for the plaintiff to satisfy the jury by proof that the mortgage was made in good faith; that if it was intended by the mortgagee to cover up the property of Clayson, or any part of it, so that his creditors could not get their pay, the mortgage was fraudulent, otherwise it was not; that the jury would look at the transaction in relation to the accounts, and if they find that it was any part of the scheme in the first instance, to allow Clayson to sell on credit, and in the accounts so made for his own benefit, it would avoid the mortgage and the jury would find for the defendant. The jury found for the plaintiff under this charge, and the General Term of the seventh district affirmed the judgment entered upon the verdict.

The charge was able and discriminating. It laid down the law correctly, and submitted the questions to the jury with plainness and fairness. The transaction was a questionable one, and a jury could appreciate it as well, and decide it as satisfactorily as the court. Under the cases of *Ford* v. *Williams*, 24 N. Y., 359; *S. C.*, 5 Kern., 577, and *Miller* v. *Lockwood*, 32 N. Y., 293, it would have been an usurpation of the functions of the jury, had the judge at the circuit assumed to decide the question of fraud, as a question of law. The same rule also is laid down in *Gardener* v. *McEwen*, 19 N. Y., 123, which is supposed by the appellant's counsel to sustain a different doctrine. Numerous requests to charge were

submitted to the judge, which were refused, and various questions were raised upon the evidence offered.

Upon a careful examination of them, I see no point in which an error was committed by the judge.

Judgment should be affirmed.

All concur except MORGAN, J.

Judgment affirmed.