YATES & DISSEL *vs.* OLMSTED, administrator &c.

THIS case is reported *ante, p.* 43. The following dissenting opinion of MULLIN, P. J., was not received in time to be published in connection with the prevailing opinion there given.

MULLIN, P. J., (dissenting.) In *Gardner* v. *McEwen,* (19 *N. Y.* 123,) the Court of Appeals held a transaction substantially the same as the one before us valid, and that the mortgagees were entitled to recover. In that case, as in this, the mortgage was on the goods in the mortgagor's store "or which might thereafter be purchased or put into the store by him."

It was found, in that case, as in this, that the mortgagor remained in possession of the store, and sold the goods in the usual way—purchased other goods, and mingled them with the goods mortgaged. In that case it was proved that the mortgagee was frequently in the store, between the date of the mortgage and the sale by the sheriff which constituted the conversion for which the action was brought. That fact was not proved, in this case. This case, therefore, wants one of the most material circumstances to show a fraudulent intent in giving the mortgage. The court held that the mortgage was not fraudulent on its face; and it was not found as a

Yates *v.* Olmsted.

fact that there was an agreement between the parties to the mortgage that the mortgagor might continue in possession of the property, and sell the same in the usual course of business—a fact which, if found, would render the mortgage fraudulent and void. The judgment, which was for the mortgagee, in the court below, was affirmed.

There are several cases, decided in the Court of Appeals, since the one cited, in which it would seem to be held that the proof given on the part of the defence would render the mortgage fraudulent in law. But the court, in those cases, refer to, and approve, the case of *Gardner* v. *McEwen*, and I do not find that it has been doubted or questioned, in any case. It is controlling upon us; and unless some error has been made in rejecting or receiving material evidence, the judgment must be affirmed.

The evidence offered by the defendant, that the attorney who drew the mortgage told the plaintiff's agent that such a mortgage, on a fluctuating stock, was of no value, was properly rejected. It was a legal opinion, merely, and an erroneous one at that, if the case of *Gardner* v. *McEwen* be law. It was not competent for the purpose of contradicting the agent, as the denial of the agent that the attorney ever told him was wholly immaterial and irrelevant; and as to such matters a witness cannot be contradicted.

The offer to prove the same facts was renewed, with the addition that the agent's statement that he would take it, (the mortgage,) as his folks had taken such a mortgage before. This evidence was properly rejected for the same reasons which justified the rejection of the former offer.

The judgment is for $2,000, being for the value of the property, while the plaintiff's debt is but $400 and interest. If the plaintiff's counsel will stipulate to reduce the judgment to the amount of the note and interest, the

judgment as thus modified should be affirmed.   If he will not so stipulate, the judgment should be reversed, and a new trial ordered; costs to abide the event.