DENNIS KENNEDY AND OTHERS, APPELLANTS, *v.* THE NATIONAL UNION BANK OF WATERTOWN, RESPONDENT.

*Chattel mortgage — when one partner may ratify a chattel mortgage given by his copartner — a general creditor cannot attack it because not filed — right of the mortgagor to subject after acquired property to the lien of it.*

April 22, 1878, one Moore, a member of the firm of York & Moore, executed in his own name and gave to the defendant a chattel mortgage upon personal property of the firm, and upon all the lumber and stock it should thereafter acquire.   York ratified the act of Moore in giving the mortgage.   About August first the defendant, claiming under the mortgage which had never been filed, took possession of the property described in it and of certain other property subsequently acquired by the firm, and sold the same as therein provided on August twelfth.   On August ninth, York & Moore executed to the plaintiffs a bill of sale of part of the property covered by the mortgage in part payment of a pre-existing debt.

In an action by the plaintiffs to recover the value of the property sold by the defendant, *held*, that as the plaintiffs were not judgment creditors of the firm they could not attack the validity of the mortgage because it had not been filed.

That as the property was in the actual possession of the defendant when the bill of sale was executed, and the plaintiffs took it in payment of a pre-existing debt, they were not *bona fide* purchasers, and had no greater rights, as against the defendant, than their grantor had.

That as between the firm and the defendant the court would sustain the mortgage and protect the defendant in the possession of the property, whether it had been acquired by the firm before or after the execution of the mortgage.

APPEAL from a judgment of the County Court of Jefferson county reversing a judgment of a justice of the peace.

On the 22d of April, 1878, the firm of York & Moore, were indebted to the defendant in over $3,000, and on that day Moore, one of the firm, in his own name, to secure the debt, made to the defendant a chattel mortgage in the usual form upon the personal property of the firm and also upon all the lumber and stock it should thereafter acquire.   The mortgage contained among others, the following provisions:

" To all to whom these presents shall come:

" Know ye, that I, Elisha D. Moore, of Watertown, N. Y., am indebted unto The National Union Bank of Watertown, N. Y., in

the sum of three thousand one hundred twenty-six dollars and sixty-one cents, being for money loaned.

"Now for securing the payment of the said debt, and the interest thereon from the date thereof, to the said National Union Bank, I do hereby sell, transfer and assign, to the said National Union Bank the property described in the following schedule, viz., as described on the back of the sheet:     *          *          *          *

SCHEDULE.

*          *          *          *

"All our patterns, horse, buggy, wagon and cutter, also all our right, title and interest in a $1000 bond of the 1000 Island Hotel, some 300 lbs. nails, and all the hardware and trimmings. This grant is intended to cover all the machinery and tools belong to us and used in about our business and all lumber and stock owned by me or that may be hereafter owned by me whether enumerated or not and now in my possession, whether in said storehouse, said Hoard Spinner & Co's yard, in the sash and blind shop, paint room, office, under shed of shop or our house or any other place or places whatsoever."

Although York was not named in the mortgage he swore it was made by Moore for the firm and was delivered to the defendant at the day of its date. It was never filed. After that time the firm purchased the other stock described in the complaint in this action, on credit. About the first day of August the defendant, claiming under the mortgage, took actual possession of the mortgaged property, including that in the complaint, and on the twelfth of August sold it as provided for in the mortgage to satisfy its debt. On the ninth August, while the property was actually in defendant's possession, York & Moore executed to the plaintiffs a bill of sale of the property in the complaint described, in part payment of a debt previously due them. The plaintiffs sued defendant before a justice for the value of the property, when they had judgment, which was reversed on appeal by the County Court of Jefferson county, and plaintiffs appeal to this court.

*O'Brien & Emerson*, for the appellants.

*F. W. Hubbard*, for the respondent.

Rumsey, J.:

The plaintiffs, not being judgment creditors of York & Moore, are not in condition to contest the validity of defendant's mortgage for the reason that it was never filed. (*Jones* v. *Graham*, 77 N. Y., 628.) As they obtained such title as they have to the property in question in payment of a precedent debt, they are not *bona fide* purchasers. (*Stevens* v. *Brennan*, 79 N. Y., 254; *Van Heusen & Charles* v. *Radcliff*, 17 id., 580.)

The property at the time plaintiffs took their title from York & Moore was in the actual possession of the defendant under a claim of right, and they are therefore chargeable with notice of whatever legal or equitable interest the defendant may have to it, and by their bill of sale can take only such title under it as York & Moore at its date could convey to them, and it becomes a simple question which of the parties in their efforts to secure the payment of debts due in good faith has obtained the superior right to the property. If the defendant can hold the property as against any claim which York & Moore could make to it on the 9th day of August, 1878, it can also hold it against the plaintiff who took title chargeable with its rights at that time. It is apparent from an inspection of the mortgage, in connection with the testimony of York, that the mortgage to the defendant was made with the assent of both the partners for the purpose of securing its debt in the manner, and to the extent indicated in it, and that as against them it is valid for that object. Moore having executed it in person is concluded by it, and Yorks having assented to its execution upon property of which he was part owner as security for the joint debt of the owners cannot now be heard to say that it was not effectual to transfer the legal title to so much of the property described in it as the firm then actually owned. The right to such property is not in question in this action, and is material only for the purpose of ascertaining whether the instrument can be enforced by defendant against York & Moore. So far as it purported to convey to defendant any vested interest in property which York & Moore did not then own, or which had not at the time a tangible existence it was probably ineffectual, but such provision did not affect the lien of the mortgage upon the property then in existence. (*Gardner* v. *McEwen*, 19 N. Y., 123; *Yates* v. *Olmsted*, 56 id., 632.) The

claim is made by plaintiffs that the language used in the mortgage as to the subsequent lumber and stock applies only to such as should be individually acquired by Moore, who makes the instrument; but this would defeat the whole mortgage, for upon its face it is practically only on property of Moore who makes it, and it is applied to the firm property only by the parol evidence that the existing property described in it belongs to the firm, and there is no property save that upon which it could apply. The words " our " and " my " seem to be used interchangeably in the clause referred to, and the evidence applies the whole mortgage to the firm property. *Dodge* v. *Potter* (18 Barb., 193) warrants this use of parol evidence to apply the mortgage to the property intended.

The mortgage was made for the firm and to secure the firm debt upon the property as it is described in it, and if for any formal defect the instrument fails fully to effect that purpose, the court will sustain it as an equitable mortgage. (*Payne* v. *Wilson*, 74 N. Y., 348; *Chase* v. *Peck*, 21 id., 581.) As no rights of creditors or subsequent purchasers in good faith intervene, there is no reason why this instrument should not be sustained as entirely valid against both York and Moore.

The only remaining question is whether the defendant, under this instrument, acquires any title to or lien upon the subsequently acquired property referred to in it. The mortgage in terms authorizes the defendant to take that as well as the other property and sell it in satisfaction of its debt, and the case of *McCaffrey* v. *Woodin* (65 N. Y., 459) holds that language, nearly analogous to that contained in this mortgage, created a power over such subsequently acquired property, which, when executed by the seizure of it under the power, gave to the donee of the power absolute authority to hold it for the purposes indicated in the instrument granting the power. This position is sustained in that case by a force of reasoning and a weight of authority that covers the whole subject, and fully sustains the right of defendant to hold such property if it reduced it to possession before any other right intervened. As the plaintiffs took their bill of sale after the defendant executed the power, by taking possession of the property, they acquired no rights except such as were subject to the equities of defendant.

The judgment of the County Court should be affirmed, with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment of the County Court affirmed, with costs.