GEORGE CARING AND OTHERS, APPELLANS, *v.* HENRY E. RICHMOND, AS SHERIFF, ETC., RESPONDENT.

*Chattel mortgage — confusion of articles mortgaged, with other property — does not destroy the lien of the mortgage as to such articles as can be identified.*

The fact that a mortgagor, with the knowledge and permission of the mortgagee, mixes articles covered by the mortgage with subsequently acquired property, so that some of the articles covered by the mortgage cannot be distinguished from those subsequently acquired, does not render the mortgage invalid as to such of the articles covered by it as can be identified and distinguished.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was in replevin, the plaintiffs claiming certain property under a chattel mortgage executed to them by D. H. Westbury. The defendant justified his possession under attachments, issued to him as sheriff, in actions brought against Westbury and under executions subsequently obtained and issued in the same actions. The question as to the validity of the attachments has been before the court and they have been sustained. (*City Bank* v. *Westbury*, 16 Hun, 458.)

*J. S. Garlock* and *J. A. Stull,* for the appellants.

*J. B. Perkins,* for the respondent.

HARDIN, J. :

Formerly (22 Hun, 369), we held in this case that an agreement entered into at the time of the execution of the chattel mortgage, by which the mortgagor was to sell the articles mortgaged and turn the cash and accounts for sales over to the mortgagees to apply in payment of the mortgage debt, did not, as a matter of law, render the mortgage invalid. (See, also, *Brackett* v. *Harvey,* 25 Hun, 502, approving our former decision.) Since our decision the cause has been tried before another referee, who has found the mortgage was not fraudulent in fact nor in law.

He also found that the goods covered by the chattel mortgage, and those subsequently acquired having been mixed and intermingled by the mortgagor, with the knowledge and permission of the plaintiffs, so that neither the mortgagor or mortgagees can identify or distinguish the goods covered by the mortgage from those subsequently acquired, and all said goods having passed to and being held by the defendant under a subsequent lawful title, the plaintiffs are not entitled to recover the same from his possession.

*First.* Upon the evidence we think the finding erroneous in so far as it states that none of the property covered by the mortgage could be identified.

Many articles are specifically described in the mortgage which remained on hand at the time the sheriff levied and made his inventory, which from their nature were capable of identification and description at the time of the levy. Parol evidence was competent to apply the description to the articles; and when that was applied the identification was complete. (*Dodge* v. *Potter,* 18 Barb., 201.)

*Second.* Westbury did not recover as exempt property, in that valued at $221 in the municipal court, all the articles which were specifically described in the mortgage to the plaintiffs.

*Third.* If some of the property was incapable of identification, by reason of the acts of the mortgagor and mortgagees in intermixing after-acquired property with that on hand when the mortgage

was given, the mortgage as to that which could be identified would be valid, and to that extent the plaintiffs would be entitled to recover, even if they failed as to that portion which had become confused. (*Van Heusen* v. *Radcliff*, 17 N. Y., 580; *Gardner* v. *McEwen*, 19 id., 123; *Yates* v. *Olmsted*, 56 id., 682.)

*Fourth.* We are of the opinion that there was not such a confusion of property, as to a portion of the mortgaged property, with after-acquired property, as to prevent the parties from recovering that which could be pointed out and specifically described and shown to have been embraced in the mortgage.

The case is unlike *Robinson* v. *Holt* (39 N. H., 557), where hay had been mixed with other hay, so that it was impossible to distinguish that of the debtor.

For the reasons we have stated we think the judgment should, upon the facts as well as law, be reversed and a new trial ordered before another referee.

Judgment reversed and a new trial ordered before another referee, with costs to abide the event.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment reversed on a question of fact and a new trial ordered before another referee, costs to abide event.