### BRUNSWICK-BALKE-COLLENDER CO. *v.* STEVENSON.

(*Supreme Court, General Term, First Department.*  January 28, 1889.)

CHATTEL MORTGAGES—VALIDITY—PROPERTY NOT IN POSSESSION.

A chattel mortgage of property not in possession of the mortgagor at the time of executing the mortgage, and not delivered to him until afterwards, is void.

Appeal from circuit court, New York county.

Action by the Brunswick-Balke-Collender Company against David Stevenson. Judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*McAdam & McCrea*, for appellant. *Doherty, Durnin & Hendrick*, for respondent.

BRADY, J. This is an action of claim and delivery. The right of the plaintiff to recover rests upon a chattel mortgage executed by one David B. Dillon, and bearing date June 7, 1886. The defendant's claim rests upon a mortgage executed by the same person upon the same property, dated May 6, 1886. The execution of both these instruments was admitted upon the trial, and it was further conceded that the mortgage given to the plaintiff was to secure the payment of the balance of the purchase price of the mortgaged property, and that the mortgage was duly filed on the 8th of June, in the register's office. The issue upon the trial was as to the time of the delivery of the articles mortgaged; the defendant insisting, as the result of the evidence given, on his belief that they were in Dillon's business place on the 4th and 5th of May, 1886, while the evidence on behalf of the plaintiff was that they were not delivered, nor was any part of them, until the 8th of May, and the whole between the 8th and 14th of May, and in detachments. The learned justice charged that if the property was in the possession of Dillon by delivery to him on or before the 6th of May, and before the mortgage given to the defendant was executed by him, then the defendant had a valid security, and had the right to foreclose the mortgage as he did, and no recovery could be had against him. If, on the other hand, the goods were not delivered until the 8th of May, then the subsequent security given to the plaintiff was valid, and its right to recover absolute. The question presented is as to the propriety of the charge in respect to the issue stated. The rule in reference to the validity of a mortgage upon property not in possession is correctly stated by Jones, Chat. Mortg. § 138. It is as follows: "At common law a mortgage can operate only on property actually in existence at the time of giving the mortgage, and then actually belonging to the mortgagor, or potentially belonging to him as an incident to other property then in existence and belonging to him. A mortgage of goods which the mortgagor does not own at the time of making the mortgage, though he might afterwards acquire them, is void in respect to such goods as against subsequent purchasers or attaching creditors." These propositions are maintained by a series of cases cited, including *Gardner* v. *McEwen*, 19 N. Y. 123; *Otis* v. *Sill*, 8 Barb. 102; *Trust Co.* v. *Improvement Co.*, 27 Hun, 89, in our own state. Mr. Justice DYKMAN, in *Trust Co.* v. *Improvement Co.*, says that no principle known to our law would allow a chattel mortgage to operate on property not in existence, either actual or potential; and that upon authority the case stood no differently; and he proceeds to demonstrate that by the citation of authorities. There does not appear to be any doubt of the proposition as stated and sustained by authority, some of the cases being herein expressly referred to sustaining it. "The same rule holds good," it is also said, (Jones, *supra*, § 139,) "even where a mortgage is made to secure the purchase money of goods, a part of which the mortgagee has not at the time delivered to the mortgagor,"—a proposition which seems to be sustained by the case of *Pettis* v. *Kellogg*, 7 Cush. 456. The potential interest to which reference is made by this learned author is illustrated by the observation of Chief Justice HOBART in *Grantham* v. *Hawley*, Hob. 132. He said: "Land is the mother and root of all fruits. Therefore he that hath it may grant all fruits that may arise upon it after, and the property shall pass as soon as the fruits are extant. A person may grant all the tithe wool that he shall have in such a year, yet perhaps he shall have none; but a man cannot grant all the wool that he shall grow upon his sheep that he shall buy hereafter, for there he hath it neither actually nor

potentially." In this case, the property which was mortgaged to the plaintiff not having been delivered, and therefore not being in the possession of the mortgagor at the time of the execution of the mortgage to the defendant, was not his property, either actually or potentially, within the meaning of the term, and therefore he could not dispose of it, under well-settled principles, by a mortgage. The right of the plaintiff to recover therefore depended upon the finding of the jury as to the time of the delivery of the articles mortgaged. That was the real and substantial issue submitted to them, and, having found for the plaintiff, they have determined that the delivery was subsequent to the mortgage executed in favor of the defendant. For these reasons the judgment should be affirmed. All concur.