JOSEPH WILLIAMSON, assignee, *vs.* A. B. NEALEY.

Waldo. Opinion April 15, 1889.

*Insolvent law. Assignee's title,—nature of. Mortgage of after-acquired property.*

In a suit in trover for the value of property brought by an assignee in insolvency, the plaintiff's rights are only those of the insolvent himself.

His rights are only those which the insolvent himself had and could assert at the time of his insolvency, except in case of fraud.

As between the parties, a mortgage upon goods which authorizes the mortgagor to sell them, and with the proceeds of such sale to purchase other goods to take their place, may be upheld as to such after acquired property.

REPORT, on facts agreed.

The facts are stated in the opinion.

*J. Williamson*, for plaintiff.

It is a principle well established by the decisions of this court, that as between the parties, a mortgage upon goods which authorizes the mortgagor to sell them, and with the proceeds of sale to purchase other goods to take their place, may be upheld as to after-acquired property.

That the assignee in insolvency of such a mortgagor is a party will hardly be claimed, for it is only "they who make any deed, and they to whom it is made, that are called parties to the deed." Jacobs' Law Dictionary: Parties.

By R. S., c. 70, § 33, an assignment in insolvency "vests the title to all the property and estate of the debtor," not expressly exempt by law, in the assignee. The latter does not merely succeed to the rights of the debtor, but he succeeds also to the rights of the creditors. He takes the property as a grantee or vendee for a sufficient consideration; as an attaching creditor. The statute is full of authority to him to sue for and recover property, rights and credits, where the debtor could not have sustained an action, and to set aside as void, transactions by which the debtor would be bound. *Sawyer* v. *Hoag*, 17 Wall. 610, 620.

The case finds that the status of the defendant remained unchanged, from the date of the mortgage in 1878, to the appoint-

ment of the assignee in 1886. During that period, it is a reasonable presumption that the original and substituted property was the constant subject of barter, sale and exchange, but the defendant caused no new record to be made of the mortgage; took no delivery of any property which he claimed by virtue of it; assumed no possession, and did no new act whatever. Without some intervening act or conveyance, to give life and vigor to the first transaction, the mortgage could vest no further interest in him. *Griffith* v. *Douglass*, 73 Maine, 532; *Jones* v. *Richardson*, 10 Met. 481, 492; *Moody* v. *Wright*, 13 Met. 17; *Wright* v. *Tetlow*, 99 Mass. 397.

The case is governed by the principles laid down in *Chase* v. *Denny*, 130 Mass. 566, which distinctly affirms the rule adopted in the last three cases above cited.

*Frye, Cotton and White*, for defendant.

By the terms of the mortgage, Hodgdon, the mortgagor had authority to barter, sell and exchange the mortgaged property in the usual course of trade and with the proceeds to purchase other property of like kind, which he stipulated should be equally subject to the lien of the mortgage.

No question of fraud is raised or intimated, and the case finds that the property conveyed by the mortgage was sold by the mortgagor, and with the proceeds of such sale he purchased other property,—which is the property in controversy.

Every question raised here is covered by the decisions of this court in *Allen* v. *Goodnow*, 71 Maine, 420, and *Abbot* v. *Goodwin*, 20 Maine, 408.

FOSTER, J. Trover for the value of certain personal property, the title to which is claimed by both parties. The plaintiff claims it as assignee in insolvency of Abner Hodgdon who, in 1878, conveyed in mortgage "all the goods, wares, merchandise　＊　＊ and stock in trade" then in his store to secure payment of an indebtedness of $400. The mortgage contained the following clause: "It is agreed that the said Hodgdon may barter, sell and exchange the above described property in the usual course of trade, and with the proceeds of such barter, sale and exchange,

purchase other property of like kind, which shall be equally subject to the lien of this mortgage; and it is also specially agreed and understood that any and all property added to said stock in any way, shall also be equally subject to the lien of this mortgage."

At the date of the mortgagor's petition in insolvency, all the property conveyed by the mortgage had been sold by him in the usual course of trade, and with the proceeds of such sale he had purchased and then had in his possession other property of like kind of the value of one hundred dollars.

The defendant duly became the owner of the mortgage by assignment long before the mortgagor's petition in insolvency, although his foreclosure of the same has been perfected since that time.

The defendant's rights are therefore precisely those of the original mortgagee.

The rights of the plaintiff are only those of the insolvent himself. He stands in the place of the debtor, and takes only the property and interest which he had, subject to all valid claims existing in reference to such property. His rights are only those which the insolvent himself had and could assert at the time of his insolvency, except in case of fraud, and no fraud is alleged in this case. *Herrick* v. *Marshall*, 66 Maine, 435; *Hutchinson* v. *Murchie*, 74 Maine, 187, 189.

This controversy, in reference to title, may then be considered as if it were between the original parties to the mortgage.

It is a principle established by the decisions of this court, that as between the parties, a mortgage upon goods which authorizes the mortgagor to sell them, and with the proceeds of such sale to purchase other goods to take their place, may be upheld as to such after-acquired property. *Allen* v. *Goodnow*, 71 Maine, 424; *Deering* v. *Cobb*, 74 Maine, 332, 334.

In the case of *Allen* v. *Goodnow*, *supra*, LIBBEY, J., in delivering the opinion of the court says: "We know no principle of law which prevents the parties from making such a contract; and if honestly executed by the mortgagors by using the proceeds of sales in purchasing other goods which were put into the store to

take the place of those sold, the title to such goods is in the mortgagors, precisely the same as if they had made the sales and purchases themselves by the consent of the mortgagors."

The question before us, it must be noticed, is not one between the mortgagee and a subsequent purchaser for value, or an attaching creditor, but, as we have stated, between the original parties to the mortgage, and must be determined by the stipulations contained in the mortgage. These stipulations render the case unlike that of *Griffith* v. *Douglass*, 73 Maine, 532, in which there was no power of sale with the duty to invest the proceeds for the benefit of the mortgagee, and which was a mortgage of the furniture "now owned or to be owned" by the mortgagor, without reference to such renewals as should be procured by any reinvestment of proceeds arising from sales of the original stock. That case, and that of *Jones* v. *Richardson*, 10 Met. 481, cited by the plaintiff, arose between the mortgagee and third persons claiming as attaching creditors of the mortgagor, and consequently have no application to the facts in this case.

Upon the facts presented for consideration in the case now before us, the entry must be

*Judgment for defendant.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.